| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>In re:<br><br>ARLENE A. NEWLAND,<br><br>                        Debtor.<br>-----------------------------------------------------------X | RETURN DATE: 6/30/09<br>RETURN TIME: 10:00 a.m.<br><br>Chapter 7<br>Case No. 08-23457-rdd |

# MEMORANDUM OF LAW

ELIZABETH A. HAAS, ESQ.
Co-Counsel for Creditor
ORANGE &ROCKLAND UTILITIES
254 So. Main St., Suite 210
New City, N.Y. 10956-3363
(845) 708-0340

PAUL B. PHINNEY, III, ESQ.
Attorney for Creditor
ORANGE & ROCKLAND UTILITIES
200 Erie Street East
Blauvelt, N.Y. 10913
(845) 365-9009

## **PRELIMINARY STATEMENT**

This is an application to vacate a Judgment & Order entered on default against Orange & Rockland Utilities ("O&R") entered June 3, 2009 (the "Judgment"). The Judgment provided for an award of sanctions in favor of the Debtor for a willful violation of the automatic stay, plus counsel fees and punitive damages. This application is brought pursuant to Bankruptcy Rule 9024, which incorporates Federal Rules of Civil Procedure 60, to vacate the default Judgment on the grounds of mistake and excusable neglect [Rule 60(b)(1)] or seek other reasons as justifies relief [Rule 60(b)(6)]. If the application is granted, O&R then seeks to defend the application on its merits.

### POINT I

### **THE DEFAULT MUST BE VACATED.**

Bankruptcy Rule 9024 incorporates Rule 60 of the F.R.C.P. with certain exceptions not relevant to the case at bar. F.R.C.P. 60(b) provides that a court may relieve a party from a final judgment or order on several grounds including mistake or excusable neglect [Rule 60(b)(1)] and any other reason that justifies relief [Rule 60(b)(6)}.

As set forth in the accompanying Affidavits of David Braunfotel ("Braunfotel"), Robert Waylon ("Waylon"), John Carley ("Carley") and Marcia McLeod ("McLeod"), O&R was unaware of the pending Motion for Sanctions until a proposed Order & Judgment was sent to Consolidated Edison ("Con Ed"), by facsimile, at which time Mr. Carley noticed the reference to O&R, an affiliated company, and forwarded to the appropriate entities of O&R (*see* Affidavit of Carley annexed to the Application).

As set forth in the accompanying Application and Affidavits, the manner in which the Motion was served was not in any way calculated to insure receipt by O&R. The address used for service was the address where payments are to be made and is found on the "tear off" portion of the bill. The post office address is a preprinted address designed to fit into a transparent window envelope provided by O&R. Subsequently, notice was submitted by facsimile to the Regulatory Department of Con Ed, which is not the appropriate utility providing services to this Debtor. Faxes sent to O&R's customer service were not received by O&R (*see* Affidavit of McLeod).

It is basic that there are strong policies favoring a resolution of cases on the merits. As noted in *In re Geberegeorgis*, 310 B.R. 61, 6th Cir. BAP (Ohio) 2004:

> "Where Rule 60(b) is invoked to set aside a default judgment, a trial court is directed to consider three equitable factors derived from Fed.R.Civ.P. 55 jurisprudence as to "good cause" for setting aside default entries: (1) whether plaintiff will be prejudiced if the judgment is vacated; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th cir. 1983)."

O&R filed this application within ten (10) days after the Order & Judgment was entered. The Debtor cannot allege prejudice by the Court's consideration of this application since the award is monetary in her favor and O&R is financially capable of paying the judgment. O&R has corrected the underlying issue regarding the billing and has credited the Debtor's bill in a manner, which, upon information and belief, is satisfactory to the Debtor.[1]

---

[1] *See* letter of Bleichman dated June 3, 2009, annexed to the application as Exhibit "H". Had the Debtor not been satisfied, sanctions would continue to accrue.

O&R has a meritorious defense to the award of sanctions. The violation of the automatic stay was unintended and inadvertent, caused by a computer error and in no way was a calculated scheme to recover prepetition arrears. As noted, the Debtor did not incur any damages and the matter was immediately rectified. There was no willful acts of O&R and neither actual nor punitive damages should have been awarded (*see* Points II and III hereinbelow).

There was no culpable conduct on the part of O&R which led to the default. Rather, the Debtor, through the use of an improper address for service and faxes sent to wrong departments and even wrong companies, did not serve the Sanctions Motion in a manner likely to be received by an appropriate person at O&R. The Movant provides a physical address of its corporate offices on the face of its bills, as well as on page 3 (*see* Exhibit "E"). The post office box number found on the "tear off" portion of the bill is not identified as an address for anything and is provided only so that payment of bills go to a central location in a window envelope provided by O&R. In its billing, O&R provided the Debtor with complete information for contacting it and it is not reasonable to expect that a mailing to the address for payment would be calculated to be received by the appropriate person at O&R.

Similarly, faxes to the Regulatory Department of Con Ed in New York City, outside O&R's service territory, cannot be perceived to be adequate notice. Con Ed is a separate entity from its affiliates.

The decision to vacate a default is directed to the sound discretion of the Court. The default of O&R was not willful, setting aside the Order & Judgment will not prejudice the Debtor, and O&R has meritorious defenses to the underlying Motion. In addition if

4

the default is not vacated, the enforcement of the judgment will bring a harsh and unfair result. The default must be vacated and the matter allowed to proceed on its merits.

## POINT II

### THE VIOLATION OF THE AUTOMATIC STAY WAS NOT WILLFUL.

It is basic bankruptcy law that the filing of a bankruptcy petition invokes the automatic stay provisions of 11 U.S.C. § 362 and precludes any attempt by a creditor to recover on a prepetition obligation. It is further conceded that the stay is "automatic" and the Debtor need do nothing further to reap the benefits of the automatic stay other than file the petition.

While the automatic stay is effective regardless of whether a party receives notice, the same is not true where the Court considers an award of damages due to a violation of the stay. Due process requires that a party receive notice before a damage award may be entered against it.

Code Section 362(k)(1) [11 U.S.C. § 362(k)(1)] provides:

> "(k) (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

While it is conceded that the computer error may constitute a violation of the automatic stay, this Court must determine whether the violation was such to award damages or whether such violation is a "no harm" violation. As noted in *In re Valentine*, 125 B.R. 11 (Bankr. S.D. Ohio 1991), a creditor can escape paying damages for stay violation if the violation was technical, de minimus, where it caused no harm or was not willful.

O&R submits the violation did not cause any harm to the Debtor. The error was rectified, service was never terminated, the Debtor did not pay the prepetition debt, no judgment was entered, no third party was noticed and there was no other attempt to collect the prepetition debt was exercised.

As the result of a computer "glitch", O&R mistakenly applied a security deposit and, upon learning of the error, corrected its mistake. The Court should vacate the award of $500.00 as the violation was a "no harm" violation.

### POINT III

### THE DEBTOR IS NOT ENTITLED TO AN AWARD OF ACTUAL DAMAGES.

In the Sanctions Motion, the Debtor seeks sanctions for violation of the automatic stay and further seeks actual damages, pursuant to 11 U.S.C. § 362(k)(1).

By statute, in order to receive actual damages, the Debtor must demonstrate that the actions of O&R were willful (see 11 U.S.C. §362 (K)(1) (see *In re Han* 33 B.R. 881 (Bankr N.D. Fla. 2005)). In addition to the $500.00 award for the violation (*see* Point I hereinabove), the Order & Judgment awards attorney's fees in the sum of $2,771.10 purportedly based on an application filed with this Court on May 28, 2009. O&R cannot locate this filing on ECF so it is impossible to respond to the dollar amount of the claim. Notwithstanding the absence of the application for compensation, such an award should not be allowed as the actions of O&R were not willful. A "willful" violation of the automatic stay arises if there is knowledge of the stay and the creditor intended the action which constituted the violation (see, *In re Han, supra* and cases cited therein and *in re Hildreth*, 357 B.R. 650 M.D. Alabama, 2006 and cases cited therein).

The complaint of the Debtor arises from a misapplication of a deposit on an account established post petition due to a computer error. It was an unintended, inadvertent mistake, promptly corrected and service was never terminated.

As there was no willful action on the part of O&R, counsel fees must be denied.

## POINT IV

## PUNITIVE DAMAGES ARE NOT APPROPRIATE.

Section 362(k) of the Bankruptcy Code (11 U.S.C. §362(k) also authorizes this Court to award punitive damages, in appropriate circumstances, for particularly egregious violations of the stay.[2] The standard for the Court awarding punitive damages is a finding of a pattern of intentional or deliberate conduct or arrogant defiance of the Federal Law (see, Matter of Mullarky 81 B.R. 280, 284 (Bankr. D.N.J. 1987 and cases cited therein)). As noted in the Second Circuit in In re Chateaugay Corp., 920 F2d 183, an "additional finding of maliciousness or bad faith on the part of the offending creditor" is required (in re Chateaugay Corp., supra at pg 186, note 1). The Order & Judgment contains a finding that O&R engaged in "a systematic practice to recharacterize" prepetition debt. This is absolutely incorrect and unsupported in fact. O&R respectfully requests the opportunity for a hearing on this issue to rebut this allegation. O&R should not have punitive damages awarded against it for an inadvertent computer error.

---

[2] Egregious conduct can include numerous letters and one year to stop action is violation of the automatic stay (In re Han, supra); or when banks repeatedly dunn the Debtor despite an agreed adequate protection order (In re Hildreth, supra), reconsidered, denied 362 B.R. 523 (Bankr. M.D.AK.), or "to get the attention of the principal creditor" who operated through numerous agents and was indifferent to the banking process (In re Crawford, 388 B.R. 506 (Bankr. S.D.N.Y. 2008).

## CONCLUSION

The default of O&R in not answering the Motion for Sanctions must be vacated and upon the hearing, the application must be denied. Any violation of the automatic stay caused no harm to the Debtor. As there was no willful violation of the automatic stay so as to award actual damages, punitive damages are not justified in this matter.

Dated: New City, New York
June 13, 2009

ELIZABETH A. HAAS, ESQ.
Co-Counsel for Creditor
ORANGE & ROCKLAND UTILITIES

*/s/ Elizabeth A. Haas/*

ELIZABETH A. HAAS, ESQ.
254 So. Main St., Suite 210
New City, N.Y. 10956-3363
(845) 708-0340

PAUL B. PHINNEY, III, ESQ.
Attorney for Creditor
ORANGE & ROCKLAND UTILITIES

*/s/ Paul B. Phinney/*

PAUL B. PHINNEY, III, ESQ.
200 Erie Street East
Blauvelt, N.Y. 10913
(845) 365-9009